UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-HC-2035-BR

| | | |
|---|---|---|
| UNITED STATES of AMERICA, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | ORDER |
| | ) | |
| BENJAMIN BARNARD JOSHUA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on respondent's 27 October 2010 "Motion on Remand for Summary Judgment Awarding Attorney's Fees." The motion has been fully briefed and is ripe for disposition.

I. BACKGROUND

By way of brief background, on 9 March 2009, the government filed a petition for respondent's commitment as a sexually dangerous person under 18 U.S.C. § 4248. Respondent hired his own attorney to represent him in the § 4248 proceeding. This court granted respondent's motion to dismiss on 13 January 2010. The government appealed, and on 15 June 2010, the Fourth Circuit entered an order in favor of respondent.

On 15 September 2010, respondent filed a motion with the Fourth Circuit for an award of attorneys' fees and costs. On 15 October 2010, the Fourth Circuit remanded the case to this court for the limited purpose of determining an award of attorneys' fees. On 22 October 2010, the Fourth Circuit clarified the 15 October 2010 order, stating that the determination of the award of attorneys' fees is to include both fees incurred before this court and fees incurred on appeal. On 27 October 2010, respondent filed his motion for attorneys' fees with this court. The government filed a response on 17 November 2010, and respondent filed a reply on 1 December

2010.

## II. DISCUSSION

Here, respondent seeks an award of attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. In relevant part, this statute provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in <u>any civil action</u> (other than cases sounding in tort) . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A) (emphasis added). The EAJA does not define the term "civil action." <u>O'Brien v. Moore</u>, 395 F.3d 499, 504 (4th Cir. 2005).

The government argues that Congress has not expressly and unequivocally identified civil commitment proceedings under 18 U.S.C. § 4248 as "civil actions" for the purposes of the EAJA. The government also asserts that an award of attorneys' fees would be improper because its position in the § 4248 commitment proceeding was "substantially justified." 28 U.S.C. § 2412(d)(1)(A).

The Fourth Circuit has addressed the standard to be applied in determining whether attorneys' fees may be assessed against the government:

> It is well-settled that "[a]ttorneys' fees may be assessed against the United States <u>only when</u> it has waived its sovereign immunity by statute." <u>United States v. Dawkins</u>, 629 F.2d 972, 975 (4th Cir. 1980) (emphasis added); <u>see also</u> <u>Ardestani v. INS</u>, 502 U.S. 129, 137, 112 S. Ct. 515, 116 L. Ed. 2d 496 (1991); 28 U.S.C. § 2412(a) (forbidding a fee award against the United States except "as otherwise specifically provided by statute"). And such a waiver may not be implied. <u>See</u> <u>Lehman v. Nakshian</u>, 453 U.S. 156, 161, 101 S. Ct. 2698, 69 L. Ed. 2d 548 (1981). To the contrary, "sovereign immunity is presumed and cannot be overcome without an express and unequivocal statutory waiver," and "all ambiguities [must be] resolved in favor of the sovereign." <u>Research Triangle Inst. v. Bd. of Governors of the Fed. Reserve Sys.</u>, 132 F.3d 985, 987 (4th Cir. 1997)

2

> (citing Lane v. Pena, 518 U.S. 187, 192, 116 S. Ct. 2092, 135 L. Ed. 2d 486
> (1996)). Thus, "[t]o sustain a claim that the Government is liable for awards of
> monetary damages, the waiver of sovereign immunity must extend
> unambiguously to such monetary claims." Lane, 518 U.S. at 192, 116 S. Ct. 2092
> (emphasis added).

O'Brien, 395 F.3d at 503 (alterations in original). As a result, the court "must determine whether a statutory waiver of sovereign immunity for awards of attorneys' fees in 'civil actions' unambiguously covers" § 4248 commitment proceedings. Id.

Congress included the phrase "civil commitment" in the title of § 4248. See 18 U.S.C. § 4248 ("Civil commitment of a sexually dangerous person"). Thus, it is apparent that Congress viewed this commitment statute as being civil in nature. "The mere fact that Congress viewed [§ 4248] proceedings as generally civil, however, does not necessarily mean that they are civil actions within the particular meaning of the EAJA." United States v. Douglas, 55 F.3d 584, 586 (11th Cir. 1995) (footnote omitted).[1] "'The application of each statute or rule using the words 'civil action' must be decided on the basis of its [own] language, its [own] history and its [own] purpose.'" Id. (alterations in original) (quoting In Re Grand Jury Subpoena Duces Tecum Dated January 2, 1985 (Simels), 775 F.2d 499, 503 (2d Cir. 1985)).

---

[1] Several courts have recently discussed the nature of a § 4248 action. See, e.g., Timms v. Johns, 700 F. Supp. 2d 764, 768-74 (E.D.N.C. 2010), vacated, — F.3d —, No. 10-6496, 2010 WL 4925395 (4th Cir. Dec. 6. 2010); United States v. Abregana, 574 F. Supp. 2d 1123, 1134-36 (D. Haw. 2008); United States v. Shields, 522 F. Supp. 2d 317, 337-338 (D. Mass. 2007); United States v. Comstock, 507 F. Supp. 2d 522, 529-30, 551-57 (E.D.N.C. 2007), aff'd, 551 F.3d 274 (4th Cir. 2009), rev'd, 130 S. Ct. 1949 (2010). However, these cases considered whether a civil commitment action under § 4248 constitutes a criminal proceeding that fails to provide the protections offered criminal defendants by the Constitution, including the right to a trial by jury and due process safeguards, such as the application of the reasonable doubt standard of proof. These are very different issues from that before this court, which is whether a civil commitment proceeding under § 4248 constitutes a civil action for the purposes of the EAJA. Cf. United States v. Douglas, 55 F.3d at 588 n.14 ("The recited factors [*i.e.*, the third-party claimant carried the burden of proof at trial, the burden of proof was by a preponderance of the evidence, and the third-party claimant sought to protect its property rights] are not necessarily determinative of whether a proceeding is a civil action under the EAJA." (emphasis in original)).

In O'Brien, 395 F.3d at 508, the Fourth Circuit refused to extend the EAJA's waiver of the United States' sovereign immunity to awards of attorneys' fees in habeas corpus proceedings. The circuit court noted that "courts have, for a long time, categorized habeas cases as 'civil' in nature." Id. at 504. However, it also noted that "the Supreme Court has repeatedly rejected the notion that simply because a habeas action is civil in nature, it must be treated as a civil action." Id. at 506. The Fourth Circuit determined that, in reality, "a habeas corpus proceeding is neither a wholly criminal nor a wholly civil action, but rather a hybrid action that is unique, a category unto itself." Id. at 505. The circuit court found that "to the extent that a habeas proceeding reviews a criminal punishment with the potential of overturning it, the habeas proceeding necessarily assumes part of the underlying case's criminal nature in the same sense, for instance, that a declaratory judgment action takes on aspects of an underlying breach-of-contract case." Id. Because habeas actions have both a criminal and a civil nature, the Fourth Circuit concluded that "when a statutory provision regulates a 'civil action,' . . . it does not necessarily follow that it also regulates a habeas proceeding." Id. at 506.

Similarly, the court finds that a commitment proceeding under 18 U.S.C. § 4248, while technically labeled as "civil," has its underpinnings in criminal law. "Congress has determined that providing for the civil commitment of persons in a variety of circumstances is necessary and proper to the functioning of federal criminal laws." United States v. Tom, 565 F.3d 497, 504 (8th Cir. 2009); see 18 U.S.C. §§ 4241-4246, 4248 (allowing for the civil commitment of pretrial detainees, persons who have been convicted, persons serving a sentence of imprisonment, persons tried but found not guilty by reason of insanity, persons in the custody of the Bureau of Prisons, and persons against whom all criminal charges have been dismissed solely for reasons

4

relating to the mental condition of the person).  While a civil commitment may not arise directly from a criminal judgment in the same way that a habeas corpus action does,

> [t]he nexus between these [civil commitment] statutes and the enforcement of duly authorized federal criminal laws is evident.  In each case the operation of the underlying federal criminal law would be frustrated without the related civil commitment provision.  Otherwise, the power to prosecute or punish could be defeated, see Sunshine Anthracite, 310 U.S. at 393, 60 S. Ct. 907, or the opportunity to prevent a federal crime could be lost, see United States v. Perry, 788 F.2d 100, 111 (3d Cir. 1986) . . . .

Tom, 565 F.3d at 504-05.  Because of this connection between federal criminal law and the civil commitment statutes, the court cannot say that a § 4248 commitment proceeding is wholly civil in nature for the purposes of the EAJA.[2]

Furthermore, in determining whether a proceeding constitutes a "civil action" under the EAJA, the court "must look to the substance of the remedy sought, not the labels attached to the claim . . . ."  O'Brien, 395 F.3d at 504 (quoting In re Hill, 775 F.2d 1037, 1040-41 (9th Cir. 1985)).  In his motion to dismiss the government's certification of him as a sexually dangerous person under 18 U.S.C. § 4248, respondent specifically argued that his "continued detention in a federal prison is unlawful, and he is wrongfully deprived of his earned liberty on a daily basis as a result."  Supp. Mot. Dismiss, DE # 4 at 2.  As such, the § 4248 proceeding is a civil proceeding where "someone's custody, rather than mere civil liability, is at stake."  O'Neal v. McAninch, 513 U.S. 432, 440 (1995); cf. O'Brien, 395 F.3d at 505 ("The habeas corpus proceeding is specifically designed to protect individual liberty and redress unlawful detention.").  Thus, where

---

[2] The court recognizes that the terms of § 4248 "are broad enough to encompass noncriminal conduct such as unlawful, tortious conduct." United States v. Comstock, — F.3d —, Nos. 07-7671, 07-7672, 07-7673, 07-7674, 07-7675, 2010 WL 4925389, at *6 (4th Cir. Dec. 6, 2010).  However, it is clear that the regulatory definitions under § 4248 also "encompass . . . criminal conduct . . . ." Id.  As a result, the court cannot deny the connection between § 4248 proceedings and federal criminal law in determining whether an award of attorneys' fees is proper under the EAJA.

5

respondent hired his own attorney in order to achieve his liberty, and not in the hopes of a financial gain, the court concludes that respondent's § 4248 commitment proceeding does not constitute a traditional "civil action" for the purposes of the EAJA. Cf. Vacchio v. Ashcroft, 404 F.3d 663, 670 (2d Cir. 2005) ("'[U]nlike civil litigation against the government, there is no need for financial encouragement of habeas proceedings,' because when liberty is at stake, the costs will not serve as a deterrent, and there is no consideration of financial gain because 'a habeas petition is not financial litigation.'" (quoting Boudin v. Thomas, 732 F.2d 1107, 1113 (2d Cir. 1984)).

In addition, "[t]he underlying assumption of the EAJA is that the cost of litigation is a barrier to contesting improper governmental action." Ewing v. Rodgers, 826 F.2d 967, 971 (10th Cir. 1987). While this might be true in ordinary civil litigation concerning governmental action, it is not the case in § 4248 commitment proceedings because if a respondent "is financially unable to obtain adequate representation, counsel shall be appointed for him pursuant to section 3006A." 18 U.S.C. § 4247(d); see also 18 U.S.C. §§ 4248(c), 3006A(a)(1)(F) (Criminal Justice Act). Thus, the Criminal Justice Act encompasses representation for § 4248 respondents, a marked difference from general civil practice. Cf. Ewing, 826 F.2d at 971. The fact that respondent hired a private attorney to represent him in the § 4248 proceedings does not alter the court's conclusion on this issue. Cf. id., 826 F.2d at 970 n.3 ("It seems unlikely that the EAJA was enacted to provide affluent criminal defendants with an additional incentive to retain counsel in habeas proceedings."); Boudin, 732 F.2d at 1113-14 ("A statute authorizing payment for a private litigant's attorney should not be automatically construed to authorize payment for the attorneys of some persons who litigate over their liberty or confinement, merely because the

6

label 'civil' is broadly applied to both types of litigation.").

Based on the foregoing considerations, the court concludes that the authorization of an award of attorneys' fees in civil actions, as provided by the EAJA, does not include an unequivocal expression of congressional intent to authorize an award of attorneys' fees to a prevailing party against the United States in a § 4248 commitment proceeding.  The court reiterates that waivers of sovereign immunity are to be "strictly construed, with all ambiguities resolved in favor of the sovereign."  <u>Research Triangle Inst. v. Bd. of Governors of the Fed. Reserve Sys.</u>, 132 F.3d 985, 987 (4th Cir. 1997) (citing <u>Lane v. Pena</u>, 518 U.S. 187, 192 (1996)).  There are simply too many distinctions between § 4248 proceedings and traditional civil actions to permit a ruling in favor of respondent.  As a result, respondent is not entitled to an award of attorneys' fees in this case, either in the district court proceedings or in the appellate proceedings.   Because the court has concluded that the term "civil action" does not unambiguously encompass civil commitment proceedings under 18 U.S.C. § 4248, the court does not reach the government's argument that its litigating position was "substantially justified."  28 U.S.C. § 2412(d)(1)(A).

### III.  CONCLUSION

Respondent's motion for attorneys' fees is DENIED.

This 16 December 2010.

_____
W. Earl Britt
Senior U.S. District Judge